UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL NO. 5:08CR10-7-V

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **CARLOS MANUEL-DUARTE,** ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Reconsideration of the Detention Order pursuant to 18 U.S.C. § 3145(b), filed March 28, 2008. Document #57. Defendant had his initial appearance and detention hearing on January 31, 2008 before United States Magistrate Judge Carl Horn.[1] At the conclusion of that hearing, Magistrate Judge Horn ordered the Defendant detained pursuant to 18 U.S.C. § 3142.[2] Document #4.[3]

---

[1] The Court notes that the Defendant refers to his detention hearing as having occurred on February 12, 2008. Def. Mt. 1. However, Defendant was detained pursuant to a detention order issued by Magistrate Judge Horn on January 31, 2008. Document #4. The hearing on February 12, 2008, before Magistrate Judge David Keesler, was to determine probable cause.

[2] As the Government argues in its response, Magistrate Judge Horn notes in his detention order that the Immigrations and Customs Enforcement (ICE) agency has lodged an immigration detainer against the Defendant. The detainer, however, does not affect the Court's review of the order of detention.

[3] Magistrate Judge Horn found that the Defendant did not rebut the statutory presumption for detention that arises under the offense charged.

1

This Court reviews de novo the Magistrate Judge's detention order. See 18 U.S.C. §3145(b); United States v. Williams, 753 F.2d 329, 333 (4th Cir. 1985). The Court has reviewed the electronic recordings of all hearings, as well as the contents of the criminal file in this matter. Defendant is charged with violations of 21 U.S.C. §§846 and 841(a)(1), namely conspiracy to distribute cocaine and methamphetamine. Since the Government initially charged the Defendant by criminal complaint, the Defendant had a probable cause hearing before Magistrate Judge David Keesler on February 12, 2008. At the conclusion of that hearing, Magistrate Judge Keesler found probable cause that Defendant committed the offense alleged. On February 27, 2008, a federal grand jury in this District similarly found probable cause that the Defendant had committed this offense and it returned a bill of indictment against the Defendant. See Document #21. As Magistrate Judge Horn found in his detention order, since a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. See 18 U.S.C. §3142(e). Defendant now contends that the presumption is rebutted in this case.[4]

In determining whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of other persons and the community, the Court considers all evidence regarding:

---

[4] Defendant also alleges that, contrary to the findings of Magistrate Judge Keesler and the grand jury, "the defendant is being held without the necessary and requisite probable cause." Def. Mt. 2. While the Defendant may properly appeal an order of detention under 18 U.S.C. § 3145(b), the Defendant may not challenge the adequacy of the evidence that formed the basis of the indictment returned by the grand jury. See Costello v. United States, 350 U.S. 359 (1956).

2

(1) the nature and circumstances of the offense charged (including whether the offense if a crime of violence or involves a narcotic drug);
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including —
(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and
(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. §3142(g).

Upon review of these factors, the Court concurs with the Magistrate Judge's finding that bond is not appropriate at this time. The indictment in this case alleges a drug conspiracy involving in excess of 5 kilograms of cocaine and in excess of 500 grams of methamphetamine. The Government alleges that a substantial amount of controlled substances, including up to twenty-five (25) pounds of methamphetamine, may be attributable to the Defendant. The substantial quantity of controlled substances alleged in this case exposes the Defendant to a grave penalty, and thus the risk of flight is great.

To mitigate this risk, the Defendant argues that he has strong ties to the community, and especially to his family in Winston-Salem. The Defendant also argues that he is gainfully employed by a construction company. However, the Defendant resides in this country as an illegal alien. Although the Defendant points to consistent employment, that employment is illegal and thus lacks the hallmark of permanency.[5] The immigration status

---

[5] The Government notes that the pretrial report prepared by the U.S. Probation office indicates that the Defendant has no employment history and, because of his residency status, no social security number. Govt. Resp. 3.

3

of Defendant renders his ties to the community tenuous, and thus he remains a risk for flight.

The Court must also examine the danger to any person or the community that would be posed by the Defendant's release. The Government indicates that the pretrial report refers to several arrests, including arrests for felony drug possession and for carrying a concealed weapon. Although these arrests are not convictions, the Court will consider them as relevant past conduct. These arrests demonstrate a penchant for involvement with drugs and a potential for violence. Given this past conduct and the large scale of the drug conspiracy in which he is alleged to have been involved, the Court finds there is a serious risk that Defendant's criminal behavior would continue if he were released. Further, the Court is unable to find that house arrest would deter Defendant from engaging in further criminal activity.

Although the incriminating evidence against the Defendant may be circumstantial, the serious nature of the crimes alleged, the Defendant's tenuous ties to the community as an illegal alien, and the past conduct of the Defendant all militate against pretrial release. Taking all of the factors into consideration, the Court finds that no condition or combination of conditions of bond will reasonably assure the appearance of Defendant and the safety of other persons and the community.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Reconsider Bond is hereby **DENIED**. The Clerk shall certify copies of this Order to Defense Counsel, the United States Attorney, the United States Marshal, and the United States Probation Office.

Signed: April 15, 2008

Richard L. Voorhees
United States District Judge